IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| BTC CAPITAL MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE and DOMAINS BY PROXY, LLC, <br><br> Defendants. | CASE NO._____ <br><br><br> COMPLAINT |

COMES NOW the Plaintiff, BTC Capital Management, Inc. ("BTC Capital"), and for its Complaint against John Doe and Domains By Proxy, LLC (collectively "Defendants") states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for false designation of origin and false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) arising from Defendants' unauthorized use of content from Plaintiff's website in connection with marketing, advertising, and promotion of bitcoin trading on Defendant John Doe's websites made available by the hosting provider, Defendant Domains By Proxy, LLC.

2. Plaintiff seeks injunctive and monetary relief.

**THE PARTIES**

3. Plaintiff BTC Capital Management, Inc. is an Iowa company with its principal place of business in Des Moines, Iowa.

4. Upon information and belief, Defendant John Doe is an individual or entity whose name and address of residence is presently unknown.

#3434958

5. Upon information and belief, Defendant Domains By Proxy, LLC is a Delaware limited liability company with its principal place of business in Scottsdale, Arizona.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331.

7. This Court has personal jurisdiction over Defendant John Doe as it solicits business in Iowa through its commercial and highly interactive websites that: (a) include extensive advertising and photography; (b) list Plaintiff's Des Moines address on the purported Financial Transactions and Reports Analysis Centre ("FINTRAC")[1] money services business registration certificate; and (c) display headshots of Plaintiff's employees taken directly from the "Team" page of Plaintiff's business website.

8. This Court also has personal jurisdiction over Defendant Domains By Proxy, LLC as it is the hosting provider and/or registrant of Defendant John Doe's websites.

9. Accordingly, Defendants have purposefully availed themselves of the privilege of conducting activities in Iowa by using Plaintiff's goodwill to attract business, performing acts directly aimed at Iowa, and causing harm to Plaintiff in Iowa. The instant lawsuit relates to Defendants' acts of unfair competition occurring in Iowa.

---

[1] *See Financial Transactions and Reports Analysis Centre of Canada*, GOV'T OF CANADA, https://fintrac-canafe.canada.ca/intro-eng (last visited May 2, 2023) ("[FINTRAC] is Canada's financial intelligence unit. Its mandate is to facilitate the detection, prevention and deterrence of money laundering and the financing of terrorist activities, while ensuring the protection of personal information under its control."); *see also Register Your Money Services Business (MSB) or Your Foreign Money Services Business (FMSB)*, GOV'T OF CANADA,
(last visited May 2, 2023) https://fintrac-canafe.canada.ca/msb-esm/register-inscrire/reg-ins-eng ("Before beginning to operate in Canada, you must register your [money services business] with FINTRAC.").

10. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the unlawful conduct complained of in this lawsuit has occurred and continues to occur in this judicial district.

## FACTUAL BACKGROUND

### A. Plaintiff and Its Property

11. Plaintiff is a well-known and highly regarded financial institution that provides investment management services.

12. Plaintiff utilizes a website to advertise its services. *See* BTC CAPITAL MANAGEMENT, https://www.btccapitalmgmt.com/ (last visited May 4, 2023).

13. Plaintiff's website has a content page titled "Biographies" that provides the biographies of certain BTC Capital employees. *See Biographies*, BTC CAPITAL MANAGEMENT, https://www.btccapitalmgmt.com/team (last visited May 4, 2023). A screenshot of this page is shown below and in the attached Exhibit 1:



14. As a result of Plaintiff's widespread, continuous, and exclusive use of the website to promote its financial services, it owns valid and subsisting federal and statutory and common law rights to the promotional and informational content on its website (hereinafter "BTC Capital Property").

15. The BTC Capital Property is distinctive to both the consuming public and Plaintiff's trade.

16. Plaintiff has expended substantial time, money and resources marketing, advertising, and promoting its financial services using the BTC Capital Property.

17. The annual spend for Plaintiff's website, including hosting services, headshot photography, stock imagery, and staff time amounts to $35,000 per year.

18. As a result of Plaintiff's expenditures and efforts, the BTC Capital Property has come to exemplify the Plaintiff's high-quality services, establishing its reputation as a highly regarded financial institution, and helped it acquire goodwill in Iowa and nationally.

B. **Defendants' Unlawful Activities**

19. Upon information and belief, Defendant John Doe operates a purported online bitcoin trading platform available at: (1) https://wgoon.com; (2) https://csepo.com; and (3) https://foopp.com (hereinafter collectively the "Websites").

20. Upon information and belief, Defendant Domains By Proxy, LLC is the registered owner and/or host of the Websites.

21. After Plaintiff acquired protectable exclusive rights in the BTC Capital Property and without Plaintiff's authorization, Defendant Doe adopted and began using information identical to the BTC Capital Property (hereinafter "Plaintiff's Information") in U.S. commerce.

22. Plaintiff's Information adopted and used by Defendants via the Websites is identical and/or confusingly similar to the BTC Capital Property insofar as the Websites copy verbatim the headshots, names, and titles of Plaintiff's current and former employees from the "Team" page of Plaintiff's website, as shown below and in the attached Exhibit 2:

   
   
   
   

23. Further, Defendants' Websites display a fraudulent FINTRAC certificate identifying Plaintiff's address as the main office of "Bitcoin Capital" as shown below and in the attached Exhibit 3:

6



24. Plaintiff is not registered with FINTRAC in Canada, does not operate under the name "Bitcoin Capital," is not affiliated with "Bitcoin Capital," and does not provide consumers cryptocurrency investment services.

25. Upon information and belief, this fraudulent FINTRAC certificate has caused consumer confusion regarding BTC Capital's affiliation with Bitcoin Capital.

26. Upon information and belief, Defendant Doe is engaged in the advertising, promotion, and sale of bitcoin trading services, whether legitimate or otherwise, by using Plaintiff's Information on the Websites. True and correct copies of the Websites showing Doe's use of Plaintiff's Information are attached as Exhibit 2 and 3.

27. Upon information and belief, the bitcoin trading services Defendant Doe marketed, advertised, promoted, and sold by using Plaintiff's Information on its Websites exist in the same financial services industry as Plaintiff's business.

28. Upon information and belief, Defendant Doe has advertised, promoted, and sold bitcoin trading services while using Plaintiff's Information via the Websites depicted in Exhibits 2 and 3, which are largely identical to the BTC Capital Property as depicted in Exhibit 1.

29. Upon information and belief, Defendant Doe offers and sells bitcoin trading services, whether legitimate or otherwise, to consumers by using Plaintiff's Information and relying on Plaintiff's goodwill and reputation which are signified in part through the BTC Capital Property.

30. Upon information and belief, Defendant Doe's alleged bitcoin trading services being offered in conjunction Plaintiff's Information are nonexistent and consumers are not receiving bitcoin in exchange for their monetary investments.

31. On or about October 27, 2022, Plaintiff learned about one of the Websites (https://csepo.com) when it received a phone call from a confused California consumer inquiring about a "Bitcoin Capital" account they had made on the csepo.com website. The consumer called Plaintiff because Plaintiff's information was on the "Company Profile" page of the csepo.com website (https://csepo.com/mobile/journalism.html?id=306).

32. Shortly after learning this information, Plaintiff reported the website to the FBI Cyber Crime division by filing an IC3 complaint and contacting the Des Moines FBI Field Office, directly. The status of any FBI investigation is unknown to Plaintiff.

33. On or about March 23, 2023, Plaintiff made a direct request to Defendant Domains By Proxy to file a complaint to take down the Websites and initiated a separate take down request through its core processor, FIS. To date, Plaintiff has made five separate requests to Defendant Domains By Proxy. These requests have not yielded a response.

34. Furthermore, Plaintiff's counsel sent the following cease-and-desist letters to relevant entities objecting to Defendants' use of Plaintiff's Information:

   a. November 1, 2022 – Letter to GoDaddy

   b. November 1, 2022 – Abuse Report to GoDaddy

   c. March 27, 2023 – Abuse Report to Cloudflare

   d. March 29, 2023 – Abuse Report to Amazon

Attached as Exhibit 4 are true and correct copies of Plaintiff's counsel's cease-and-desist letters to relevant entities.

35. To date, Plaintiff's Information remains on the Websites at: 1) https://wgoon.com/mobile/journalism.html?id=306; (2) https://csepo.com/mobile/journalism.html?id=306; and (3) https://foopp.com/mobile/journalism.html?id=306. The demands set out in Plaintiff's numerous cease-and-desist letters have not been complied with as relevant entities have advised Plaintiff that Defendants are the only parties that can take down the Websites.

36. Defendants' unlawful acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendant Doe's bitcoin trading services and have already deceived the relevant consuming public into mistakenly believing that Defendant Doe's bitcoin trading services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

37. Defendants' unlawful acts as alleged herein have resulted in actual confusion as evidenced by numerous consumers from both Canada and the U.S. contacting Plaintiff about the Websites, including:

a. October 27, 2022 – Telephone call from California consumer inquiring about a "Bitcoin Capital" account he created on one of the Websites (https://csepo.com).

b. March 6, 2023 – Telephone call from Florida consumer stating Plaintiff's information "popped up" in a message the consumer received about his "Bitcoin Capital" account.

c. March 22, 2023 – Telephone call and email from Canadian consumer asking whether Plaintiff was affiliated with one of the Websites (https://wgoon.com) and stating it displayed profiles of Plaintiff's professionals.

d. April 17, 2023 – Voicemail message from Canadian consumer including name-calling.

e. April 19, 2023 – Voicemail message from Canadian consumer[2] stating: "We're gonna take you down…we got you…it's coming."

f. May 4, 2023 – Telephone conversation with Florida consumer who learned about "Bitcoin Capital" from an individual on Facebook who directed him to https://foopp.com. The consumer regrettably shared with Plaintiff that this individual ultimately convinced him to invest over $300,000 in the "Bitcoin Capital" scheme.

38. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of the BTC Capital Property and cause confusion and deception in the marketplace.

---

[2] Upon information and belief, the phone calls from April 17 and 19, 2023 originated from the same caller.

39. Upon information and belief, Defendants' websites are designed and used to defraud the public.

40. Defendants' acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

41. As evidenced by the fact that Plaintiff communicated with a defrauded consumer as recently as May 4, 2023, Defendants' ongoing and unlawful conduct is ongoing and will continue to harm Plaintiff and consumers unless the Court orders Defendants to take down the Websites.

## COUNT I
**(Unfair Competition/False Designation of Origin under the Lanham Act)**

42. Plaintiff repeats and realleges paragraphs 1 through 41 hereof, as if fully set forth herein.

43. Defendants' unauthorized use in commerce of Plaintiff's Information as alleged in this Complaint is likely to deceive, and has deceived, consumers as to the origin, source, sponsorship, or affiliation of the Websites, and is likely to cause, and has caused, consumers to believe, contrary to fact, that such services are sold, authorized, endorsed, or sponsored by Plaintiff, or that the Websites are in some way affiliated with or sponsored by Plaintiff.

44. Defendants' unauthorized use in commerce of Plaintiff's Information as alleged in this Complaint constitutes use of a false designation of origin/unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Defendants' conduct as alleged in this Complaint is willful and is intended to and has already caused and is likely to continue to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Websites with Plaintiff.

46. Defendants' conduct as alleged in this Complaint is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

47. Plaintiff has no adequate remedy at law.

48. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT II
### (Unfair Competition/False Advertising under the Lanham Act)

49. Plaintiff repeats and realleges paragraphs 1 through 48 hereof, as if fully set forth herein.

50. The Websites falsely state certain BTC Capital professionals are affiliated with the Websites and contain a fraudulent FINTRAC certificate for "Bitcoin Capital" that falsely displays Plaintiff's business address despite the fact Plaintiff is not a registered "money services business" in Canada.

51. Defendants' unauthorized use in commerce of Plaintiff's Information as alleged in this Complaint constitutes false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52. Defendants' false advertising as alleged in this Complaint has caused, and continues to cause, immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

53. Plaintiff has no adequate remedy at law.

54. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

WHEREFORE, the Plaintiff, BTC Capital Management, Inc., requests that the Court enter judgment against Defendant and in favor of Plaintiff as follows:

1. On each and every claim for relief alleged herein, for preliminary and permanent injunctive relief, as described above;

2. On each and every claim for relief alleged herein, for monetary damages according to proof;

3. On each and every claim for relief alleged herein, the profits of Defendants related to their unlawful activities as described above;

4. Attorney's fees for each and every claim for relief where it is allowed by law;

5. Enhanced and statutory damages as provided by federal law for each and every claim for relief where it is allowed by law;

6. On each and every claim for relief alleged herein, for the costs of suit herein;

7. On each and every claim for relief alleged herein, for such other and further relief as this Court deems just and proper.

/s/Sarah K. Franklin
Sarah K. Franklin, AT0009630
Alenah A. Luthens, AT0015288
DENTONS DAVIS BROWN PC
215 10th Street, Suite 1300
Des Moines, Iowa 50309
Telephone: 515-288-2500
Facsimile: 515-243-0654
E-mail: sarah.franklin@dentons.com
E-mail: alenah.luthens@dentons.com

ATTORNEYS FOR PLAINTIFF